## STRINGER v. GRIFFIN GROCERY CO.
### No. 12997.

Court of Civil Appeals of Texas. Dallas.
Feb. 8, 1941.

Rehearing Denied March 15, 1941.

Gerald L. Johnson, of Dallas, for appellant.

Geo. O. Wilson and E. M. Reichman, both of Dallas, for appellee.

George A. McNulty and Irving J. Levy, both of Washington, D. C., and Llewellyn B. Duke, of Dallas, and Harry Campbell, Jr., of Tulsa, Okl., Amici Curiae.

BOND, Chief Justice.

This suit was instituted by appellant (plaintiff), seeking to recover from his former employer, the appellee (defendant), certain alleged unpaid wages for overtime, liquidated damages, and attorney's fees, as provided by the Act of Congress, known as the Fair Labor Standards Act of 1938, Title 29 U.S.C.A. § 201 et seq.

Plaintiff alleged that he is a resident of Dallas County, Texas, that the defendant is a corporation, organized under the laws of the State of Oklahoma, having a proper permit to do business in the State of Texas, engaged in the business of selling and transporting groceries and other merchandise, in its own trucks, across the state lines of Oklahoma and Texas, and maintaining a warehouse in the City of Dallas, Texas, in furtherance of its interstate business. Plaintiff further alleged that he was employed by defendant and engaged in its interstate business from November 24, 1938, to March 4, 1939, and, during that time, worked 1,090 hours, or 307 hours overtime, to the regular 44 working hours per week provided by law; that he was paid for only 783 hours, at the legal minimum wage of 39 cents per hour; that he is entitled to 58½ cents per hour, for hours worked in excess of the 44 hours per week, $179.59, being the rate provided on the basis of time and one-half for hours in excess of the 44 hours per week, plus an equal amount as liquidated damages, and $100 attorney's fees.

In answer to such petition, the defendant interposed a general demurrer, special exceptions, general denial, and special answer controverting all issues of fact.

On hearing of demurrers and exceptions, the trial court sustained the general demurrer and special exception number 4, each challenging the jurisdiction of the state court to enforce the civil action brought by plaintiff, under and by virtue of the federal labor statute, supra, for wages, penalty, and attorney's fees provided in the Act; thus dismissing the suit.

The Fair Labor Standards Act, passed by Congress in 1938, is unquestionably a law regulating commerce, and it specifically provides for civil and criminal liability for any violation of its terms. Section 216(a) imposes a penalty by fine or imprisonment, or both, for the violation of provisions set out in section 215 of the Act, which has no direct application to this suit; and, section 216(b), the section under consideration, reads:

"Any employer who violates the provisions of section 206 or section 207 of this chapter [pertaining to minimum wages and maximum hours for employes, as alleged and involved in this suit] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

The sole question under consideration is whether a state court has jurisdiction of an action by an employe against his employer, pursuant to section 216(b), to recover the amount of unpaid compensation claimed to be due under the provisions of sections 206 and 207 of that Act, and an additional equal amount as "liquidated damages" and attorney's fees.

We take it there is no question that courts of the United States and of the states have concurrent jurisdiction in all cases between citizens of different states, if it is one of judicial cognizance, unless such jurisdiction is limited or abridged by the Federal Constitution and Acts of Congress, or the Constitution and statutes of the states. State courts of general jurisdiction have power to decide cases involving the rights of litigants, like unto the one here involved, unless deprived of such right by law. The rule is succinctly stated in 21 C.J.S., Courts, p. 797, § 526: "Concurrent jurisdiction in federal and state courts to enforce rights granted by federal law is not uncommon, and may exist even without an express grant. Generally, whenever a legal right arises and the state court is competent to administer justice, the right may be asserted in such court, although the federal court may have concurrent jurisdiction, unless the jurisdiction is limited by law to the federal courts, or unless the state courts are expressly or by necessary implication excluded by statute." Under the Constitution and statutes of Texas, the county court, in which this action was instituted, is a court of competent jurisdiction of the amount involved.

The subdivision of the Act 216(b) was evidently passed for the laborers, and the rights and remunerations therein granted are exclusively for their benefit. Its provisions impose no penal liability in which the public may be interested, clearly a civil liability action inuring only to employes having aggrievance against their employers; thus any suit instituted under its terms is necessarily one directed against an employer for violation of its terms and personal to an aggreived employe or employes. The language of the Act definitely vests "in any court of competent jurisdiction" the right to hear controversies arising under its provisions, and directs judgment in favor of the employe, as plaintiff, and against the employer, as defendant. It clearly provides for a civil action.

The court of "competent jurisdiction," expressly designated in the Act, is not necessarily a Federal court, nor can it be said that such is exclusively a state court. The Act contains nothing which is suggestive of such restrictions. We think it is clear that Congress intended that all courts, Federal and state, shall have concurrent jurisdiction to hear controversies arising under the Act, leaving it to the complaining employe or employes to determine the forum where such action shall be instituted. There is nothing in the Act committing jurisdiction of such civil action to the Federal courts and withholding from the state courts jurisdiction of such suits; clearly, Congress had no such intention. This is emphasized by the fact that no court was designated in section 216(a) (the section immediately preceding the one under consideration), because it had reference exclusively to criminal liability, imposing a penalty by fine and imprisonment, thus, without more, under 28 U.S.C.A. § 371, the Federal courts are vested with exclusive jurisdiction of crimes, penalties, and forfei-

ture. In section 217 (the section next following subsection (b), Federal courts are expressly committed the trial of injunction proceedings arising under section 215 of the Act. And, in section 216 (b), the Act commits "action to recover such liability" (employer's wages) to "any court of competent jurisdiction," without expressing a remedy for its violation other than by civil action. The reasonable interpretation of the phrase, "any court of competent jurisdiction," is generally held in both state and Federal courts to mean any Federal, state or territorial court, whose jurisdiction over cases of like nature is not prohibited by law. Burke v. McDonald, 2 Idaho, Hasb., 339, 13 P. 351, 420; Mining Co. v. Bullion Mining Co., 9 Nev. 240; National Sash & Door Co. v. Continental Casualty Co., 5 Cir., 37 F.2d 342; Ex parte Justus, 3 Okl.Cr. 111, 104 P. 933, 25 L.R.A.,N.S., 483.

 It is urged that section 216(b) provides a penalty to a party aggrieved, denominated "liquidated damages," thus the suit thereunder must, in accordance with 28 U.S.C.A. § 371, be maintained in a Federal district court. We do not so regard it. In the case of Cox v. Lykes Brothers, 1924, 237 N.Y. 376, 143 N.E. 226, 227, analogous situation as here, the action was instituted in a court of the City of New York by a seaman, to recover double wages under R. S., U.S. Sec. 4529, 46 U.S.C.A. § 596. The court held, opinion by the late Mr. Justice Cardozo, that the case was not one for a penalty under the laws of the United States; thus the state court had jurisdiction. In the course of the opinion, the court said: "Congress has expressly said that the extra compensation, when due, 'shall be recoverable as wages.' This would seem decisive, without more, that in determining the bounds of jurisdiction it is not to be classified as a penalty. There was no thought that the state courts, which have undoubted jurisdiction to give judgment for wages in the strict sense, should be shorn of jurisdiction to give judgment for the statutory incidents. This conclusion is fortified when we search for the purpose of the statute. The purpose, or at least the predominant one, was, not punishment of the master or owner, but compensation to the seaman." A statute is not penal, merely because it awards punitive liquidated damages to a party aggrieved as the measure of liability of the wrongdoer, so as to confer exclusive jurisdiction on the Federal court. If, however, it can be said that the Act of Congress awards a penalty to the parties aggrieved, and specifies the remedy for its enforcement in a court of competent jurisdiction, as in a civil action, it may be enforced in a state court. Claflin v. Houseman, 93 U.S. 130, 23 L.Ed. 833; Pennsylvania-Dixie Cement Corp. v. H. Wales Lines Co., 119 Conn. 603, 178 A. 659; 15 C.J. 1159, Note 30, 21 C.J.S., Courts, 526; Campbell v. Superior Decalcominia Co., Inc., D.C. Tex., 31 F.Supp. 663; Robertson v. Argus Hosiery Mills, D.C.Tenn., 32 F.Supp. 19. It is therefore the right of the employe to prosecute his suit in any court of competent jurisdiction, Federal, territorial or state, and when once attached, the right may be asserted in that court, although other courts may also have jurisdiction of the cause.

The judgment of the court below is reversed and cause remanded for trial on the merits of the action.

Reversed and remanded.