NO.
12-05-00116-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

WILLIAM
ESPINOZA PENA,                    §                      APPEAL FROM THE 369TH

APPELLANT

 

V.        

                                                                        §                      JUDICIAL DISTRICT COURT OF

DAVID W. MCDOWELL, 

INDIVIDUALLY AND IN HIS         

OFFICIAL CAPACITY, ET AL.,

APPELLEES                                                            §                      ANDERSON COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            William
Espinoza Pena, an inmate proceeding pro se, filed an in forma pauperis civil
lawsuit against the Texas Department of Criminal Justice (“TDCJ”) and its
employees, Captain David W. McDowell, Lieutenant Lennis R. Nichols, Officer
Elwin E. Hogan, Officer Stacy Johnson, Sergeant Traci L. Shirey, and Senior
Warden Raymond E. Thompson (collectively “the Employees”).  Pena appeals the trial court’s order
dismissing his lawsuit as frivolous and malicious pursuant to section 14.003 of
the Texas Civil Practice and Remedies Code. 
In six issues, Pena argues that the trial court’s dismissal was
improper.  Appellees have not filed a
brief.  We affirm in part, reverse in
part, and remand for further proceedings.

 

Background

            Pena is an inmate of TDCJ.  Pena alleges that, while incarcerated at TDCJ’s
Beto Unit in Tennessee Colony, Texas, he was the subject of a conspiracy to
retaliate against him for his “prolific practice as a[n]
inmate-writ-writer/jailhouse-lawyer.” 
According to Pena, the Employees were all part of this conspiracy. 








            Pena alleges that on August 26,
2002, Captain McDowell ordered Pena to move his belongings from one prison area
to another as part of this retaliation. 
Pena allegedly informed Captain McDowell that he was a “Disabled Vietnam
. . . Veteran” and that he would be unable to safely move his belongings
without assistance from others or the use of a cart.  Pena’s requests for assistance and the use of
a cart were denied, and Captain McDowell repeatedly ordered Pena to move his possessions.  These orders were allegedly accompanied by
profane language and threats from Captain McDowell that he would mace Pena if
he did not comply.  Pena complied and
claims that while he was moving his belongings, he severely injured his back.

            On February 11, 2003, Pena filed a
lawsuit against TDCJ and the Employees in the 369th District Court of Anderson
County, Texas.  On February 20, 2003,
without conducting a hearing, the trial court sua sponte dismissed Pena’s
lawsuit with prejudice, finding it to be frivolous and malicious, pursuant to
Chapter 14 of the Texas Civil Practice and Remedies Code.  Pena appealed the trial court’s ruling.  We affirmed the trial court’s dismissal but
reformed the judgment, making it a dismissal “without” prejudice.  Pena v. McDowell, No.
12-03-00141-CV, 2004 WL 2423546, at *4 (Tex. App.–Tyler Oct. 29, 2004, no
pet.) (mem. op.).  

            On November 18, 2004, Pena again
filed a lawsuit against TDCJ and the Employees in the 369th District
Court.  Pena’s previous lawsuit had been
properly dismissed due to his failure to file a complete affidavit of previous
lawsuits.  Id. at *2.  His new lawsuit was filed with what appeared
to be a complete affidavit.[1]  On
January 5, 2005, without conducting a hearing, the trial court sua sponte
dismissed Pena’s lawsuit with prejudice pursuant to Chapter 14, finding the
lawsuit to be frivolous and malicious. 
This appeal followed.

 

Chapter 14

            Inmate lawsuits such as Pena’s are
controlled by Chapter 14 of the Texas Civil Practice and Remedies Code.  See Tex.
Civ. Prac. & Rem. Code Ann. §§ 14.001-14.014 (Vernon 2002).  Chapter 14 was designed to control the flood
of frivolous lawsuits being filed in the courts of this state by prison
inmates, consuming valuable judicial resources with little offsetting
benefit.  Mullins v. Estelle High
Sec. Unit, 111 S.W.3d 268, 271 n.1 (Tex. App.–Texarkana 2003, no
pet.).  The Waco Court of Appeals has
noted that

 

[p]risoners
have everything to gain and little to lose by filing frivolous suits.  It costs them almost nothing; time is of no
consequence to a prisoner; threats of sanctions are virtually meaningless; and
the prisoner can look forward to a day trip to the courthouse.  Thus, the temptation to file a frivolous suit
is strong.  Such suits, however, waste
valuable judicial resources and subject the state and its prison officials to
the burden of unwarranted litigation, preventing claims with merit from being
heard expeditiously.

 

 

Hickson v.
Moya, 926 S.W.2d 397, 399 (Tex. App.–Waco 1996, no writ) (citations
omitted).

            Section 14.003(a)(2) provides that a
trial court may dismiss a claim if the trial court finds that the claim is
frivolous or malicious. Tex. Civ. Prac.
& Rem. Code Ann. § 14.003(a)(2). In determining whether a claim is
frivolous or malicious, a trial court may consider whether (1) the claim’s
realistic chance of ultimate success is slight, (2) the claim has no arguable basis
in law or fact, (3) it is clear that the party cannot prove facts in support of
the claim, or (4) the claim is substantially similar to a previous claim filed
by the inmate because the claim arises from the same operative facts.  Id. § 14.003(b).

 

Dismissal Without a Hearing

            In his first issue, Pena contends
that the trial court abused its discretion in not conducting a hearing prior to
dismissing his lawsuit.  He contends that
a hearing was required under Rule 165a(1) of the Texas Rules of Civil Procedure.  He further contends that this omission was an
abuse of discretion because he was deprived of his rights of due process of law
and equal protection under the United States Constitution and of his rights under
the due course of law and open courts provisions of the Texas Constitution.

            When there has been no fact hearing,
a trial court may dismiss a claim as frivolous or malicious under section
14.003 where the claim involved has no arguable basis in law.  See Gill v. Boyd Distrib. Ctr.,
64 S.W.3d 601, 603 (Tex. App.–Texarkana 2001, pet. denied).  Nonetheless, Pena argues that Rule 165a(1) of
the Texas Rules of Civil Procedure conflicts with section 14.003 and guaranteed
him a right to a hearing.  We
disagree.  Rule 165a governs the
dismissal of civil cases for want of prosecution.  See Tex.
R. Civ. P. 165a.  It does not
govern section 14.003 dismissals of inmate litigation as frivolous or
malicious.  See id.  Pena’s argument regarding Rule 165a(1) is
without merit.

            Pena also contends that this omission
was an abuse of discretion because he was deprived of his rights of due process
of law and equal protection under the United States Constitution and of his
rights under the due course of law and open courts provisions of the Texas
Constitution.  We begin by noting that we
have liberally construed Pena’s brief in order to give effect to his arguments.
See Tex. R. App. P. 38.9.  However, a pro se litigant is held to the
same standards as licensed attorneys and must comply with applicable laws and
rules of procedure.  Strange v.
Cont'l Cas. Co., 126 S.W.3d 676, 677 (Tex. App.–Dallas 2004, pet.
denied).  If a pro se litigant is not
required to comply with the applicable rules of procedure, he would be given an
unfair advantage over a litigant who is represented by counsel.  Greenstreet v. Heiskell, 940
S.W.2d 831, 835 (Tex. App.–Amarillo 1997, no writ).

            On appeal, as at trial, a pro se
appellant must properly present his or her case.  Strange, 126 S.W.3d at
678.  The Texas Rules of Appellate Procedure
require an appellant’s brief to contain “a clear and concise argument for the
contentions made, with appropriate citations to authorities and to the record.”
Tex. R. App. P. 38.1(h). We have
little latitude on appeal and cannot remedy deficiencies in a litigant’s
brief.  Strange, 126 S.W.3d
at 678. When an appellant does not adequately comply with Rule 38.1(h), nothing
is presented for appellate review.  See
State v. Gonzalez, 855 S.W.2d 692, 697 (Tex. Crim. App. 1993); Nguyen
v. State, 177 S.W.3d 659, 669 (Tex. App.–Houston [1st Dist.] 2005, pet.
ref'd).

            Pena’s constitutional argument
consists of a single assertion that the trial court’s actions were “too harsh
by any standards of law. . . .  Such
being a violation of Pena’s right to due course and due process . . . and
deprived him of equal protection of the laws.” 
He cites no authority for this conclusory statement other than the
Fourteenth Amendment to the United States Constitution and Article I, Sections
13 and 19 of the Texas Constitution.  Because
Pena has failed to provide us with an adequate substantive analysis of his
constitutional arguments, he has presented nothing for our review.  See Gonzalez, 855 S.W.2d
at 697; Nguyen, 177 S.W.3d at 669.  Pena does not contend that this case presents
an issue of first impression; however, even if such an issue were presented,
providing a “discussion of analogous . . . cases as well as applying said cases
to the facts of the instant case is at least necessary so as to give this Court
some idea as to the scope of the appellate complaint.”  Bullard v. State, 891 S.W.2d
14, 15 (Tex. App.–Beaumont 1994, no writ). 


            We cannot conclude, based upon Pena’s
argument, that a hearing was required before dismissal of Pena’s claims as
frivolous or malicious under section 14.003. 
See Gill, 64 S.W.3d at 603.  Therefore, we overrule Pena’s first issue.

 

Dismissal Without Prior Notice

            In his second issue, Pena contends
that if he was not entitled to a hearing, he was, at a minimum, entitled to
prior notice before dismissal of his lawsuit. 
He argues that dismissal without prior notice is an abuse of discretion
and bases his arguments on essentially the same grounds as he relied upon in
his first issue.  Likewise, Pena cites no
authority for his conclusory assertion of constitutional violations other than
the Fourteenth Amendment to the United States Constitution and Article I,
Sections 13 and 19 of the Texas Constitution. 
Thus, he again fails to provide us with an adequate substantive analysis
of his constitutional complaints.  For
the same reasons as those set forth in our discussion of Pena’s first issue, we
cannot conclude, based upon Pena’s arguments, that prior notice was required
before dismissal of Pena’s claims as frivolous or malicious under section
14.003.  We overrule Pena’s second issue.

 

Dismissal Pursuant to Prison Litigation Reform Act

            In his third issue, Pena argues that
the trial court improperly dismissed his lawsuit pursuant to the “three strikes
rule” of the Prison Litigation Reform Act (PLRA).[2]  A review of the record shows that the trial
court’s dismissal of Pena’s lawsuit occurred pursuant to Chapter 14 of the
Texas Civil Practice and Remedies Code, not the PLRA.  The error Pena complains of did not
occur.  Therefore, we overrule Pena’s
third issue.

 

Pendent Jurisdiction

            In his fifth issue, Pena appears to
argue that the dismissal of his state causes of action was improper because the
trial court had pendent jurisdiction over these claims by way of its
jurisdiction over Pena’s federal claims. 
Therefore, the trial court was without authority to dismiss Pena’s State
law claims.

            Federal courts are courts of limited
jurisdiction.  See Kokkonen
v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673,
1675, 128 L. Ed. 2d 391 (1994).  In cases
where a lawsuit contains both state and federal causes of action that derive
from a common nucleus of operative facts, the doctrine of pendent jurisdiction
may extend the jurisdiction of the federal courts to include those state causes
of action.  Carnegie-Mellon Univ.
v. Cohill, 484 U.S. 343, 349, 108 S. Ct. 614, 618, 98 L. Ed. 2d 720
(1988).  Unlike federal courts, Texas
state district courts are courts of concurrent jurisdiction. Stringer v.
Griffin Grocery Co., 149 S.W.2d 158, 160 (Tex. Civ. App. –Dallas 1941,
writ ref’d).  As such, state district
courts have concurrent jurisdiction with federal courts over federal law causes
of action unless that jurisdiction has been limited or abridged by other
law.  See id.  Therefore, pendent jurisdiction, as
it exists in the federal court system, did not apply to Pena’s state court
lawsuit.  However, even if pendent
jurisdiction did apply, the trial court had authority to dismiss these claims
where such dismissal would otherwise be proper. 
See, e.g., Rheaume v. Tex. Dep’t of Pub. Safety, 666 F.2d
925, 931-32 (5th Cir. 1982).  We overrule
Pena’s fifth issue.

 

Dismissal of Pena’s Claims

            In his sixth issue, Pena argues that
the trial court abused its discretion by dismissing his lawsuit.[3]  More specifically, Pena contends that his
causes of action were not frivolous or malicious and that the trial court’s
dismissal was “clearly arbitrary and erroneous . . . and an abuse of
discretion.”  

Standard of
Review

            We review the trial court’s
dismissal of an in forma pauperis lawsuit such as Pena’s under an abuse of
discretion standard.  Hickson,
926 S.W.2d at 398.  A trial court abuses
its discretion if it acts arbitrarily, capriciously, and without reference to
any guiding rules or principles.  Lentworth
v. Trahan, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no
pet.).  We will affirm a dismissal if it
was proper under any legal theory.  See
Johnson v. Lynaugh, 796 S.W.2d 705, 706-07 (Tex. 1990).  In considering the record before us, we
review and evaluate pleadings of inmates proceeding pro se in civil lawsuits
with liberality and patience.  Foster
v. Williams, 74 S.W.3d 200, 202 n.1 (Tex. App.–Texarkana 2002, pet.
denied).

            Where a trial court has not held a
fact finding hearing, a trial court may dismiss properly filed inmate pro se in
forma pauperis claims only if they lack an arguable basis in law, Gill,
64 S.W.3d at 603, or are substantially similar to previous frivolous or
malicious claims.  See Tex.
Civ. Prac. & Rem. Code Ann. § 14.003(b)(4).  To determine whether a trial court has
properly decided that there was no arguable basis in law for an inmate’s
claims, we examine the types of relief and causes of action pleaded in the
inmate’s petition to determine whether, as a matter of law, the petition states
causes of action that would authorize relief. 
See Spurlock v. Schroedter, 88 S.W.3d 733, 736 (Tex. App.–Texarkana
2002, no pet.).  To have no arguable
basis in law, a claim must be based on an indisputably meritless legal theory
or the facts alleged must rise to the level of irrational or wholly incredible.  Gill, 64 S.W.3d at 603.  Stated another way, the pleaded facts must
not comprise a cause of action.  Id.
at 604.

Discussion








            Pena brought section 1983 civil
rights claims against TDCJ and the Employees. 
See 42 U.S.C.A. § 1983 (West, Westlaw through Oct. 1996
amendments).  Pena also brought claims
against them pursuant to the Texas Tort Claims Act (the “TTCA”).  See Tex.
Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (Vernon 2005 & Supp.
2006).  All of Pena’s claims against the
Employees were brought against them in both their official and individual
capacities.  None of Pena’s claims were
substantially similar to any previously filed frivolous or malicious claims.

            Claims Against TDCJ Under the
TTCA

            Pena brought claims against TDCJ
under the TTCA.  Pena alleged that TDCJ
negligently failed to set polices to ensure that all TDCJ correctional officers
at the Beto Unit were properly trained and supervised.  Pena sought money damages from TDCJ and
declaratory relief condemning TDCJ’s failure to set and enforce proper safety
policies and declaring that Pena’s injury was the result of that failure.  He also sought injunctive relief ordering
TDCJ to set new policies.

            The doctrine of sovereign immunity
protects the State of Texas from lawsuits for damages in all instances where
the State has not waived such immunity.  Gen.
Servs. Comm’n v. Little-Tex Insulation Co., 39 S.W.3d 591, 594 (Tex.
2001).  The doctrine derives from the
principle that the sovereign may not be sued in its courts without its
consent.  Nueces County v. Ferguson,
97 S.W.3d 205, 216 (Tex. App.–Corpus Christi 2003, no pet.).  This immunity from suit deprives the trial
court of subject matter jurisdiction, even if liability is undisputed.  Travis County v. Pelzel & Assocs.,
Inc., 77 S.W.3d 246, 248 (Tex. 2002). 
Further, if a claim is barred by sovereign immunity, it has no arguable
basis in law.  Mullins, 111
S.W.3d at 272. 

            Under this doctrine, the State is
immune from liability unless liability is waived by a constitutional or
legislative provision.  Univ. of
Tex. Med. Branch v. York, 871 S.W.2d 175, 177 (Tex.1994).  The TTCA is one such legislative provision
that waives governmental liability under certain circumstances.  Seifullah v. Heaton, No.
12-02-00076-CV, 2003 WL 21998762, at *3 (Tex. App.–Tyler Aug. 20, 2003, no
pet.) (mem. op.).  Section 101.056
excepts discretionary actions from its waiver of sovereign immunity.  See Tex.
Civ. Prac. & Rem. Code Ann. § 101.056.  The claims presented in Pena’s petition
involve whether TDCJ (1) set proper policies, (2) properly trained its
employees, and (3) properly supervised its employees.  Deciding how to properly set policies, train
employees, and supervise employees is a discretionary act.  See City of Lancaster v. Chambers,
883 S.W.2d 650, 654 (Tex. 1994) (“If an action involves personal deliberation,
decision and judgment, it is discretionary; actions which require obedience to
orders or the performance of a duty to which the actor has no choice, are
ministerial.”).  Because the omissions
complained of by Pena were discretionary in nature [ ] Pena was barred by the
doctrine of sovereign immunity from bringing his claims for money damages
against TDCJ.  See Tex. Civ. Prac. & Rem. Code Ann. §
101.056. 

            Pena also sought injunctive and
declaratory relief.  By way of injunctive
relief, Pena sought to compel TDCJ to set new policies.  This was an attempt to control the action of
the State and was, likewise, barred by the doctrine of sovereign immunity
absent a waiver of that immunity.  See
Short v. W.T. Carter & Bro., 133 Tex. 202, 217-18, 126 S.W.2d
953, 962 (Tex. 1938).  Because there had
been no such waiver, Pena was barred by the doctrine of sovereign immunity from
bringing his state law claims for injunctive relief against TDCJ.  See Tex.
Civ. Prac. & Rem. Code Ann. § 101.056.  Pena’s state law claims for injunctive relief
had no arguable basis in law.  See Mullins,
111 S.W.3d at 272.  

            Regarding Pena’s state law claims
for declaratory relief,

 

[t]he supreme court has been adamant  . . . 
that where a party brings a suit ostensibly to determine or protect
rights but actually seeks monetary damages, sovereign immunity bars such
a suit. . . .  The supreme court has
roundly condemned such actions, stating, “private parties cannot circumvent the
State’s sovereign immunity from suit by characterizing a suit for money
damages  . . .  as a declaratory judgment claim.”

 

 








Ferguson,
97 S.W.3d at 218 (emphasis in original) (quoting Tex. Natural Res.
Conservation Comm’n v. IT-Davy, 74 S.W.3d 849, 856 (Tex. 2002)).  Pena’s suit, at its heart, was a suit for
money damages.  In fact, Pena sought
millions of dollars in compensatory damages alone.  Therefore, sovereign immunity was not waived
as to Pena’s request for declaratory relief, and Pena was barred from bringing
his state law claims for such relief against TDCJ.  See Ferguson, 97 S.W.3d at
218.  Pena’s state law claims for
declaratory relief had no arguable basis in law.  See Mullins, 111 S.W.3d at 272.


            Claims Against TDCJ Under
Section 1983

Section 1983 provides that

 

[e]very person who, under color of any statute,
ordinance, regulation, custom, or usage, of any State or Territory or the
District of Columbia, subjects, or causes to be subjected, any citizen of the
United States or other person within the jurisdiction thereof to the
deprivation of any rights, privileges, or immunities secured by the
Constitution and laws, shall be liable to the party injured in an action at
law, suit in equity, or other proper proceeding for redress. . . .

 

 

42
U.S.C.A. § 1983.  Pena’s section 1983
claims against TDCJ did not comprise a valid cause of action because TDCJ, a
state agency, did not qualify as a “person” under section 1983.  See Tex. Dep’t of Pub. Safety v. Petta,
44 S.W.3d 575, 581 (Tex. 2001). 
Therefore, Pena had no arguable basis in law for his section 1983 claims
against TDCJ.  See Conway v. Castro,
No. 12-03-00373-CV, 2004 WL 1103584, at *2 (Tex. App.–Tyler May 12, 2004, no
pet.) (mem. op.).

            Claims Against the Employees
Under the TTCA

            Pena brought claims under the TTCA
against the Employees for a variety of allegedly negligent acts or
omissions.  Pena alleged that Captain
McDowell negligently failed to (1) practice and maintain proper safety,
disciplinary, and administrative procedures, (2) take the necessary remedial
actions to minimize Pena’s injuries, (3) enter truthful statements on his
employment application, (4) enter truthful statements during Pena’s grievance
procedure, and (5) timely inform TDCJ that he was not properly trained and
supervised.  Pena also alleged that
Captain McDowell was negligent in his use of mace on the occasion in
question.  Pena brought four claims
against Lieutenant Nichols, Sergeant Shirey, and Officers Hogan and
Johnson.  Pena alleged that each one
negligently failed to (1) ensure that he or she was properly trained and
supervised, (2) practice and maintain proper safety procedures, (3) take the
necessary remedial actions to minimize Pena’s injuries, and (4) enter truthful
statements on his or her employment application.  Pena also brought one claim alleging that
Warden Thompson negligently failed to practice and maintain proper safety
procedures.  In each instance, Pena sued
the Employees in both their official and individual capacities and sought money
damages as well as injunctive and declaratory relief.

            A person sued in his official
capacity enjoys the protections of sovereign immunity to the same extent as
those protections are available to his employer; thus, if his employer is a
governmental unit that is immune from suit under sovereign immunity, the person
is also immune. Ferguson, 97 S.W.3d at 214-15.  Sovereign immunity protects the state from
lawsuits that are based upon vicarious liability for the tortious acts of its
agents or employees.  See Davis v.
City of Palestine, 988 S.W.2d 854, 857 (Tex. App.–Tyler 1999, no
writ).  In the context of governmental
units such as TDCJ, the TTCA has been interpreted as waiving sovereign immunity
in three general areas: (1) the use of motor driven equipment, (2) premises
defects, and (3) personal injuries arising out of the condition or use of
personal property.  See Mullins,
111 S.W.3d at 272.  Only the last area is
pertinent to this discussion.  See id.
at 272-74.

            Regarding personal injuries arising
out of the condition or use of personal property, “use” means “to put or bring
into action or service; to employ for or apply to a given purpose.”  Tex. Natural Res. Conservation Comm’n
v. White, 46 S.W.3d 864, 869 (Tex. 2001).  Generally, the nonuse of property is not
considered use under the Texas Tort Claims Act. 
Mullins, 111 S.W.3d at 272.  Waiver of sovereign immunity is further
limited to situations where the injury was proximately caused by a condition or
use of the property.  Id.
at 273 (citing Dallas County Mental Health & Mental Retardation v.
Bossley, 968 S.W.2d 339, 342 (Tex. 1998)).

            None of Pena’s allegations against
the Employees fell within the “condition or use of personal property” waiver of
sovereign immunity.  As pleaded in Pena’s
petition, Pena’s alleged injuries were caused by the actions and omissions of
Captain McDowell and the other employees, not out of the condition or use of
personal property.  This was so even as
to Pena’s allegation that Captain McDowell negligently used mace.  Captain McDowell’s orders to Pena, along with
his threats regarding the use of mace, did not constitute the use of personal
property.  Captain McDowell never
actually put or brought the mace into action or service.  Furthermore, the facts alleged by Pena
contain only allegations of the threat of mace, not the use of mace.  Consequently, the mace did not proximately
cause Pena’s alleged injuries. 
Therefore, the conduct alleged by Pena did not fall within the waiver of
sovereign immunity in the TTCA.  See
Mullins, 111 S.W.3d at 272-74.

            Because the Employees enjoyed
sovereign immunity, Pena was barred from bringing his state law claims for
money damages against them in their official capacities.  See id.  Pena was likewise barred from seeking the
state law injunctive relief sought in his petition because seeking such relief
was an attempt to control the action of the State.  See Short, 126 S.W.2d at
962.  Further, Pena’s suit was, at its
heart, a suit for money damages. 
Therefore, sovereign immunity was not waived in the context of Pena’s
requests for declaratory relief, and Pena was barred from bringing his state law
claims for such relief against the Employees. 
See Ferguson, 97 S.W.3d at 218.  Pena had no arguable basis in the law for his
state law claims against the Employees in their official capacities. Mullins,
111 S.W.3d at 272.

            Pena also brought claims, under the
TTCA, against the Employees in their individual capacities.  While the Act provides for state liability
for certain acts of public servants in their official capacities, it does not
provide any legal basis for private actions against state employees in their
individual capacities.  See Spellmon
v. Sweeney, 819 S.W.2d 206, 211 (Tex. App.–Waco 1991, no writ).  Pena’s reliance upon the Act as the basis for
his state law claims against the Employees in their individual capacities
constituted reliance upon an “indisputably meritless legal theory.”  See id.  Pena had no arguable basis in law for these
claims as pleaded.  See id.

            Claims Against the Employees
Under Section 1983

            Pena’s section 1983 claims against
the Employees in their official capacities did not comprise valid causes of
action because the Employees, in their official capacities, are not “persons”
for the purposes of section 1983.  See
Petta, 44 S.W.3d at 581. 
Therefore, Pena had no arguable basis in law for his section 1983 claims
against the Employees in their official capacities.  See Conway, 2004 WL 1103584, at
*2.

            Pena also alleged section 1983
claims against the Employees in their individual capacities.  Pena brought essentially one claim against
the Employees: that the Employees were allegedly part of a conspiracy to
deprive him of constitutional rights and that the acts and omissions of these
conspirators did, in fact, effectuate such a deprivation.  Pena pleaded that the Employees were working together
in an effort to retaliate against Pena for exercising his right to redress the
government on behalf of himself as well as other inmates.[4]  Their efforts, as pleaded, included, among
other things, ordering Pena to move an unsafe amount of personal possessions,
failing to act to circumvent these unsafe orders, failing to take the necessary
remedial actions to minimize Pena’s injuries, and participating in a coverup of
the incident in question.  

            Because petitions of prison inmates
are to be construed liberally, we hold that Pena’s pleaded section 1983 claims
against the Employees in their individual capacities for money damages and declaratory
judgment were facially valid causes of action which, if proved, would authorize
relief.  See 42 U.S.C.A. §
1983.  Therefore, these claims had an
arguable basis in law.  See Spurlock,
88 S.W.3d at 736.  Pena’s claims for
injunctive relief, however, were barred by the doctrine of sovereign immunity
because, at their essence, these claims sought to control the action of the
State.  See Short, 126
S.W.2d at 962.  Therefore, they did not
have an arguable basis in law.  See Mullins,
111 S.W.3d at 272-74.

            We hold that the trial court abused
its discretion by dismissing Pena’s section 1983 claims for money damages and
declaratory relief against the Employees in their individual capacities.  Our holding does not mean that Pena will
prevail on his claims or that he can avoid summary judgment.  Further, our holding does not mean that Pena’s
petition is not subject to special exceptions. 
We merely hold that dismissal of these claims was improper.

 

Conclusion

            The trial court abused its
discretion by dismissing Pena’s section 1983 claims for money damages and
declaratory relief against the Employees in their individual capacities.  All other claims asserted by Pena against
TDCJ or the Employees lacked any arguable basis in law and were properly
dismissed.  We sustain in part, and
overrule in part, Pena’s sixth issue.

 

Dismissal with
Prejudice

            In his fourth issue, Pena contends
the trial court erred in dismissing his suit with prejudice.  Dismissal with prejudice constitutes an
adjudication on the merits and operates as if the case had been fully tried and
decided.  Mossler v. Shields,
818 S.W.2d 752, 754 (Tex.1991). 
Generally, the proper remedy when a court lacks subject matter
jurisdiction is to dismiss the case without prejudice.  Mullins, 111 S.W.3d at
274.  However, when a dispositive defect
cannot be remedied, dismissal with prejudice is proper.  See Hickman v. Adams, 35 S.W.3d
120, 124 (Tex. App.–Houston [14th Dist.] 2000, no pet.).  

            The trial court should not have
dismissed Pena’s section 1983 claims for money damages and declaratory relief
against the Employees in their individual capacities.  All other claims asserted by Pena lacked any
arguable basis in law and were properly dismissed.  Further, these dispositive defects cannot be
remedied by the amendment of Pena’s pleadings. 
Therefore, to the extent that the trial court’s dismissal was proper,
dismissal with prejudice was also proper. 
See id.  We sustain
in part, and overrule in part, Pena’s fourth issue.

 

Disposition

            We affirm the trial
court’s dismissal with prejudice of Pena’s claims against TDCJ; his TTCA claims
against the Employees, in both their official and individual capacities; and
his section 1983 claims against the Employees in their official
capacities.  We reverse the
trial court’s dismissal of Pena’s section 1983 claims for money damages and
declaratory relief against the Employees in their individual capacities.  Finally, we affirm the trial
court’s dismissal with prejudice of Pena’s section 1983 claims for injunctive
relief against the Employees in their individual capacities.  We remand this case to the
trial court for further proceedings.         

                                                                                                     SAM
GRIFFITH    

                                                                                        Justice

 

 

 

 

Opinion delivered
March 30, 2007.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] Pena later discovered that this new affidavit was incomplete, but filed
an amended affidavit that appears complete on its face.





[2] See 28
U.S.C.A. § 1915(g) (West, Westlaw through Apr. 1996 amendments).





[3] Pena has identified only five issues in his brief.  However, throughout his argument of those
five issues he complains that the trial court abused its discretion by
dismissing his lawsuit as frivolous or malicious.  Accordingly, we consider that complaint as a
sixth issue and address it separately.





[4] See Buise v. Hudkins, 584 F.2d 223, 229-31 (7th Cir. 1978) (discussing the
limited, but existent, constitutional protection afforded a “jailhouse lawyer.”).