John LENTWORTH, Appellant,

v.

Melvin TRAHAN, John Tipps, and
Melodye Nelson, Appellees.

No. 01–97–00697–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 27, 1998.

John Lentworth, Rosharon, for Appellants.

Before MIRABAL, HEDGES, and ANDELL, JJ.

## OPINION

MIRABAL, Justice.

This is an appeal from the trial court's order dismissing with prejudice appellant's suit as frivolous or malicious. We reform the judgment, and affirm.

Appellant sued Sgt. Melvin Trahan, Officer John Tipps, and Lt. Melodye Nelson, individually. Appellant alleged he was confined at the Texas Department of Criminal Justice—Darrington Unit, on March 23, 1996. That evening, Sgt. Melvin Trahan confiscated appellant's portable radio, because another inmate's name was scratched off and appellant's name was scratched on. On March 24, 1996, appellant attempted to prove ownership of the radio by showing Officer John Tipps, the property clerk, his registration papers. Tipps informed appellant that disciplinary actions were proceeding regarding the confiscated property. On March 26, 1996, appellant was notified that a disciplinary hearing for possession of contraband had been set for March 31, 1996. At the Friday hearing, appellant offered his registration papers to Lt. Melodye Nelson. When Nelson would not accept the registration papers as proof of appellant's claims, appellant requested a continuance until Monday to continue his investigation. Nelson refused the request, allegedly stating, "Everybody is found guilty before her, so you will be found guilty anyway."

In his lawsuit, appellant asserted the officers acted negligently by disregarding the Department's policies and illegally confiscating and destroying his portable radio, thereby entitling him to damages under the Texas Tort Claims Act.[1] Specifically, appellant asserted (1) his radio was confiscated on March 23 and destroyed on March 28, before the March 31 disciplinary hearing and before the seven-day investigation period provided for in prison policy AD 03.72(c)(3), and (2) no photograph of the radio was taken as required by rule VI(B)(1) of the prison disciplinary process.

After appellant filed suit, the trial court, on its own motion and without a hearing, dismissed appellant's suit because it:

> appear[ed] to the Court that the cause is frivolous or malicious because Petitioner has failed to state a claim that [he] has an arguable basis in law or in fact as required by Section 13.001(b)(2) Civ. Prac. Rem. Code[2] and/or Section 14.003, Civ. Prac. Rem.Code,[3] and/or Petitioner failed to follow the provisions of Section 14.004, Civ. Prac. Rem.Code.[4]

Appellant timely perfected his appeal of the trial court's order of dismissal.

In his first point of error, appellant asserts the trial court abused its discretion in dis-

---

1. Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001–101.109 (Vernon 1986 & Supp.1998).

2. Section 13.001, the general provision for dismissal of claims, provides:
   (b) In determining whether an action is frivolous or malicious, the court may consider whether:
   (2) the claim has no arguable basis in law or in fact . . . .
   TEX. CIV. PRAC. & REM. CODE ANN. § 13.001 (Vernon Supp.1998).

3. Section 14.003, the provision for dismissal of claims in inmate litigation, provides:

   (b) In determining whether a claim is frivolous or malicious, the court may consider whether:
   (1) the claim has no arguable basis in law or in fact . . . .
   TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (Vernon Supp.1998).

4. In lieu of filing security for costs, section 14.004 lists several requirements for inmates filing an affidavit of inability to pay costs. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004 (Vernon Supp.1998). The record shows appellant complied with the requirements.

missing the action, under section 13.001(b), for failing to state a claim for which relief may be granted.

Effective June 8, 1995, the dismissal of inmate lawsuits is governed by sections 14.001–.014 of the Civil Practice and Remedies Code (Vernon Supp.1998). Section 14.003(b)(2) is similar to section 13.001(b)(2); however, chapter 14 imposes additional requirements that an inmate must meet before filing suit in a district court. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004–.005 (Vernon Supp.1998). Appellant's lawsuit was dismissed May 5, 1997. Accordingly, it must have been dismissed under chapter 14.

When a plaintiff files an affidavit of inability to pay, the trial court has broad discretion to dismiss the suit as frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (Vernon Supp. 1998); *Perales v. Kinney,* 891 S.W.2d 731, 733 (Tex.App.—Houston [1st Dist.] 1994, no writ). We review the trial court's dismissal of an action as frivolous or malicious for an abuse of discretion. *Carson v. Gomez,* 841 S.W.2d 491, 494 (Tex.App.—Houston [1st Dist.] 1992, no writ). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. *Brewer v. Collins,* 857 S.W.2d 819, 822 (Tex.App.—Houston [1st Dist.] 1993, no writ).

Because the trial judge held no hearing, his basis for determining that appellant's causes of action were frivolous or malicious could not have been because he found that they had no arguable basis in fact. *Hector v. Thaler,* 862 S.W.2d 176, 178 (Tex.App.— Houston [1st Dist.] 1993, no writ) (when the trial court dismisses a cause without a fact hearing, the trial court could not have determined there was no arguable basis in fact for the suit). Thus, the issue is whether the trial court properly determined there was no arguable basis in law for the suit. *Id.* We are to review and evaluate pro se pleadings by standards less stringent than those applied to formal pleadings drafted by lawyers. *Thomas v. Collins,* 860 S.W.2d 500, 503 (Tex. App.—Houston [1st Dist.] 1993, writ denied).

To determine whether the trial court properly decided that there was no arguable basis in law for appellant's suit, we examine the types of relief and causes of action appellant pled in his petition to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief.

As stated in his petition, appellant brought suit under the Texas Tort Claims Act. Under the "Parties" section of his petition, appellant named each appellee as a defendant and under a separate section titled "Capacity" stated, "All defendants are being sued in their individual and official capacity." Appellant did not name the State of Texas or any other governmental unit as a party. A plaintiff bringing a cause of action under the Texas Tort Claims Act must bring it against a "governmental unit" of the State. *Perales,* 891 S.W.2d at 733. The Act does not govern suits brought directly against an employee of the State, regardless of the capacity in which he acted. *Id.* Accordingly, the trial court did not abuse its discretion in dismissing appellant's negligence cause of action under the Texas Tort Claims Act because appellant did not sue a governmental unit, but rather sued State employees individually, even though he stated they were also sued in their official capacities. *Harrison v. Texas Dep't of Crim. Justice,* 915 S.W.2d 882, 889–90 (Tex.App.— Houston [1st Dist.] 1995, no writ).

We overrule appellant's first point of error.

In his second point of error, appellant asserts the trial court abused its discretion by dismissing his claim with prejudice.

Dismissal with prejudice constitutes adjudication on the merits and operates as if the case had been fully tried and decided. *Mossler v. Shields,* 818 S.W.2d 752, 754 (Tex.1991). This means that orders dismissing cases with prejudice have full res judicata and collateral estoppel effect, barring subsequent relitigation of the same causes of action or issues between the same parties. *Lelsz v. Kavanagh,* 903 F.Supp. 1037, 1040 (N.D.Tex.1995) (dismissal of an action with prejudice is complete adjudication of issues presented by pleadings and is bar to further action between parties); *Webb v. Jorns,* 488 S.W.2d 407, 409 (Tex.1972).

Dismissal is properly made with prejudice in the following situations: (1) as a sanction for abuse of discovery, *see* TEX. R. CIV. P. 215; (2) on the failure of a plaintiff to amend deficient pleadings when given that

opportunity, *see Hubler v. City of Corpus Christi,* 564 S.W.2d 816, 823 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.);[5] (3) for the violation of a pretrial order, *see Koslow's v. Mackie,* 796 S.W.2d 700, 704 (Tex. 1990); and (4) on agreement of the parties, *see generally Golodetz Trading Corp. v. Curland,* 886 S.W.2d 503 (Tex.App.—Houston [1st Dist.] 1994, no writ) (allowing that parties could agree to dismiss suit with prejudice).

Judgment on the merits precludes a second action by the parties on causes of action that arise out of the same subject matter. *Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 630–31 (Tex.1992) (reaffirming the "transactional approach" to res judicata). Dismissal with prejudice would act as a bar to any lawsuit, arising out of the same facts, brought by appellant against appellees. We are not prepared to say that appellant has no other possible cause of action against appellees arising out of the same facts. Therefore, the proper order is dismissal without prejudice.

We reform the judgment to provide the cause is dismissed without prejudice. As reformed, the judgment is affirmed.

---

**5.** We note that section 14.003 does not require appellant be given an opportunity to amend his pleadings before dismissal. *Kendrick v.. Ly-* *naugh,* 804 S.W.2d 153, 156 (Tex.App.—Houston [14th Dist.] 1990, no writ).