**Patrick Lee MULLINS, Appellant,**

v.

**ESTELLE HIGH SECURITY UNIT, and Texas Department of Criminal Justice—Healthcare Services Division, Appellees.**

No. 06–03–00017–CV.

Court of Appeals of Texas, Texarkana.

Submitted April 18, 2003.

Decided July 3, 2003.

Rehearing Overruled Aug. 5, 2003.

Patrick Lee Mullins, pro se.

Alexis Rodriquez, Assistant Attorney General, Austin, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

Patrick Lee Mullins, an inmate in the Texas Department of Criminal Justice—Institutional Division, appeals the dismissal of his *pro se* and *in forma pauperis* suit against the Estelle High Security Unit and Texas Department of Criminal Justice—Healthcare Services Division (herein collectively, Appellees). Mullins alleged that Appellees' denial of access to medical supplies resulted in personal injury caused by negligent use of personal property under the Texas Tort Claims Act. The trial court deemed the suit frivolous and dismissed it with prejudice under Chapter 14 of the Texas Civil Practice and Remedies Code.

Mullins alleged in his petition Appellees maliciously and negligently cancelled his medical supplies for a period of approximately five months while he was incarcerated in the Estelle High Security Unit of the Texas Department of Criminal Justice. Mullins alleged that during this time he was denied catheters, lubricants, povidone, tape, external condom catheters, a leg bag, bed-bag, vinyl connector, a tubing connector, adult incontinence pads, skin shields, biohazard and waste contamination bags, an egg-crate mattress, and a T.E.O. hose for his swollen feet. Mullins alleged this action resulted in his complete loss of bladder control, and contraction of a urinary tract infection and Hepatitis. Further, he alleged that he "lived and slept in a foul-smelling urine" environment and that, to relieve his bladder pressure, he was forced to use a pen casing that he inserted into

his urethra, resulting in a one-and-one-half inch tear in his penis. Mullins alleged he developed blackened sores circumferencing the length of his penis. Mullins had filed Level I and Level II grievances prior to the suit and received a written response concerning his Level II grievance. On October 7, 2002, the Office of the Attorney General filed an *"Amicus Curiae's* Advisory on Chapter 14" with the court. On October 22, 2002, the trial court deemed the suit frivolous and dismissed it with prejudice.

Mullins argues the trial court erred in finding his suit frivolous and dismissing it under Chapter 14. In addition, he contends his petition raises disputed issues of material fact that require a hearing before being decided.

A trial court may dismiss a suit filed by an indigent inmate either before or after service of process if the court finds the claim is frivolous. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (Vernon 2002). Section 14.003(b) provides the following:

> [I]n determining whether a claim is frivolous or malicious, the court may consider whether:
>
> (1) the claim's realistic chance of ultimate success is slight;
>
> (2) the claim has no arguable basis in law or in fact;
>
> (3) it is clear that the party cannot prove facts in support of the claim; or
>
> (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(b) (Vernon 2002).[1]

■■■ The standard for review of a Chapter 14 dismissal is whether the trial court abused its discretion. *Hickson v. Moya,* 926 S.W.2d 397, 399 (Tex.App.-Waco 1996, no writ). Abuse of discretion is determined by whether the trial court acted without reference to any guiding principles. *Thomas v. Wichita Gen. Hosp.,* 952 S.W.2d 936, 939 (Tex.App.-Fort Worth 1997, pet. denied). The question of subject matter jurisdiction is a legal question which appellate courts should review *de novo. City of Midland v. Sullivan,* 33 S.W.3d 1, 6 (Tex.App.-El Paso 2000, pet. dism'd w.o.j.). We examine the pleadings, taking as true the facts pled, and determine whether those allegations of fact support jurisdiction in the trial court. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993). If necessary, we may review the entire record to determine if there is jurisdiction. *Id.* If the petition does not allege jurisdictional facts, the trial court lacks subject matter jurisdiction only when it is impossible to amend the pleadings to confer jurisdiction. *Id.*

■■■ Mullins contends the trial court was required to hold a hearing before dismissing his suit. When a trial court does not hold a hearing on a motion to dismiss,

---

1. Chapter 14 was designed to control the flood of frivolous lawsuits being filed in the courts of this State by prison inmates, consuming valuable judicial resources with little offsetting benefit. The Waco Court of Appeals has noted:

> Prisoners have everything to gain and little to lose by filing frivolous suits. It costs them almost nothing; time is of no consequence to a prisoner; threats of sanctions are virtually meaningless; and the prisoner can look forward to a day trip to the courthouse. Thus, the temptation to file a frivolous suit is strong. Such suits, however, waste valuable judicial resources and subject the state and its prison officials to the burden of unwarranted litigation, preventing claims with merit from being heard expeditiously.

*Hickson v. Moya,* 926 S.W.2d 397, 399 (Tex. App.-Waco 1996, no writ) (citations omitted).

it may not dismiss a cause of action on the ground that it has no arguable basis in *fact.* *Gordon v. Scott,* 6 S.W.3d 365, 369 (Tex.App.-Beaumont 1999, pet. denied); *see Lentworth v. Trahan,* 981 S.W.2d 720, 722 (Tex.App.-Houston [1st Dist.] 1998, no pet.). A hearing is not required for the trial court to properly determine the suit had no arguable basis in *law.* *Gordon,* 6 S.W.3d at 369; *Trahan,* 981 S.W.2d at 722. To determine whether the trial court properly decided there was no arguable basis in law, we examine the types of relief and causes of action sought by the petition to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief. *Gordon,* 6 S.W.3d at 369; *Trahan,* 981 S.W.2d at 722. In reviewing the dismissal, we must take as true the allegations in the original petition. *Gordon,* 6 S.W.3d at 369; *Trahan,* 981 S.W.2d at 722; *see Harrison v. Tex. Dep't of Criminal Justice—Inst. Div.,* 915 S.W.2d 882, 888 (Tex.App.-Houston [1st Dist.] 1995, no writ).

 The Attorney General's office contends Mullins' claim has "no arguable basis in the law" and has a slight realistic chance of ultimate success.[2] If a claim is barred by sovereign immunity, it has no arguable basis in law. In a suit against a governmental entity, sovereign immunity must be waived. Under the doctrine of sovereign immunity, a governmental unit is not liable for the torts of its officers or agents in the absence of a constitutional or statutory provision creating such liability. *Dallas County Mental Health & Mental Retardation v. Bossley,* 968 S.W.2d 339, 341 (Tex.1998). In the absence of the State's consent to suit, a trial court lacks subject matter jurisdiction and must dismiss. Mullins alleges that sovereign immunity has been waived by the Texas Tort Claims Act. The Texas Tort Claims Act creates a limited waiver of sovereign immunity in certain situations. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.021, et seq. (Vernon 1997). Therefore, this Court must consider whether Mullins alleges a claim on which sovereign immunity has been waived.[3]

Section 101.021 of the Act has been interpreted as waiving sovereign immunity in three general areas: (1) use of motor-driven equipment, (2) premises defects, and (3) personal injuries arising out of the condition or use of personal property. *Tex. Dep't of Transp. v. Able,* 35 S.W.3d 608, 611 (Tex.2000). Only the last area is arguably applicable in this case.

 Mullins alleges his injuries were caused by the Appellees' denial of medical supplies. This amounts to a nonuse of property. " 'Use' means 'to put or bring into action or service; to employ for or apply to a given purpose.' " *Tex. Natural Res. Conservation Comm'n v. White,* 46 S.W.3d 864, 869 (Tex.2001). Generally, the nonuse of property is not considered a "use of personal property" under the Texas Tort Claims Act.[4] In certain situations,

---

**2.** The Texas Supreme Court discourages courts from dismissing suits due to a determination that the inmate has a slight realistic chance of success. *See Johnson v. Lynaugh,* 796 S.W.2d 705, 706 (Tex.1990).

**3.** The plaintiff has the burden to show that jurisdiction exists by alleging facts affirmatively demonstrating that the trial court has subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993); *City of Midland v. Sullivan,* 33 S.W.3d 1, 6 (Tex.App.-El Paso 2000, pet. dism'd w.o.j.).

**4.** *Kerrville State Hosp. v. Clark,* 923 S.W.2d 582, 584–85 (Tex.1996); *see Kassen v. Hatley,* 887 S.W.2d 4, 14 (Tex.1994); *Amador v. San Antonio State Hosp.,* 993 S.W.2d 253 (Tex. App.-San Antonio 1999, pet. denied); *Ager v. Wichita Gen. Hosp.,* 977 S.W.2d 658 (Tex. App.-Fort Worth 1998, no pet.); *Marroquin v. Life Mgmt. Ctr. for Mental Health/Mental Re-*

however, nonuse of property has been found to be "use of property" under the Texas Tort Claims Act.[5] The Texas Supreme Court held in *Kerrville* that the precedential value of these cases is "limited to claims in which a plaintiff alleges that a state actor has provided property that lacks an integral safety component and that the lack of this integral component led to the plaintiff's injuries." *Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 585 (Tex.1996).

Further, the Texas Supreme Court held in *Bossley* that the waiver is limited to situations involving some use of tangible property where the injury was proximately caused by a condition or use of the tangible property. *Bossley*, 968 S.W.2d at 342. The court held that the "personal injury or death must be proximately caused by the condition or use of tangible property." *Id.* at 343. *Bossley* involved the failure of a mental hospital to lock and activate alarms on a door, allowing the patient to exit the facility and, after exiting, to be hit by a truck. *Id.* The court held that the "death was distant geographically, temporally, and causally from the open doors" and therefore did not proximately cause the death. *Id.* In *Miller*, the Texas Supreme Court held sovereign immunity was not waived when an inmate died from meningitis due to the failure of the prison personnel to diagnose and treat his condition in time. *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 588 (Tex.2001).

The court held that "the treatment did not actually cause his death. Neither the drugs nor the treatment afforded to Miller hurt him or made him worse, in and of themselves." [6]

Mullins alleges that denial of medical supplies resulted in his injuries. As discussed above, in order for nonuse of property to be "use" of property under the Texas Tort Claims Act, some property must be used which lacks an integral safety component, and the use of the said "some property" must proximately cause the injury. Mullins does not allege that he was provided with medical supplies that lacked an integral safety component, but rather, that he was provided with no medical supplies at all. While these medical supplies may have prevented his injuries, they did not proximately cause them. As in *Miller*, the injuries were alleged to have been caused by his medical condition, which was not adequately treated. Therefore, the allegations in Mullins' petition do not give rise to a circumstance where the court would have subject matter jurisdiction due to a waiver of sovereign immunity under the Texas Tort Claims Act.

▮ Lastly, we note the trial court dismissed Mullins' claim with prejudice. Dismissal with prejudice constitutes an adjudication on the merits and operates as if the case had been fully tried and decided. *Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex.1991). A dismissal with prejudice will

---

tardation Servs., 927 S.W.2d 228 (Tex.App.-El Paso 1996, writ. dism'd w.o.j.).

**5.** *See Robinson v. Cent. Tex. Mental Health and Mental Retardation Ctr.*, 780 S.W.2d 169 (Tex.1989) (providing some equipment for swimming, but no life preserver); *Lowe v. Tex. Tech. Univ.*, 540 S.W.2d 297 (Tex.1976) (providing some football equipment, but no knee brace); *Overton Mem'l Hosp. v. McGuire*, 518 S.W.2d 528 (Tex.1975) (lack of rails on hospital bed); *Hampton v. Univ. of Tex.*, 6

S.W.3d 627 (Tex.App.-Houston [1st Dist.] 1999, no pet.) (hospital bed which did not have rails raised or alarm activated).

**6.** *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 588 (Tex.2001). The dissent points out the allegations that the treatment Miller received masked the symptoms of meningitis, which may have prevented a more timely diagnosis. *Id.* at 593 (Enoch, J., dissenting).

have full *res judicata* and collateral estoppel effects. *See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 630–31 (Tex.1992). Generally, the proper remedy, when a court lacks subject matter jurisdiction, is to dismiss the case without prejudice. *See Bell v. State Dep't of Highways & Pub. Transp.*, 945 S.W.2d 292, 295 (Tex.App.-Houston [1st Dist.] 1997, writ denied) (discussing remedies for a plea to the jurisdiction); *see Trahan*, 981 S.W.2d at 723. If it appears that frivolous allegations "could be remedied through more specific pleadings, a court of appeals should consider whether the district court abused its discretion by dismissing the complaint with prejudice." *Denton v. Hernandez*, 504 U.S. 25, 34, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (holding that, when inmate's error can be remedied, dismissal with prejudice is improper); *Thomas v. Skinner*, 54 S.W.3d 845, 847 (Tex.App.-Corpus Christi 2001, pet. denied) (dismissal with prejudice for failure to comply with Chapter 14 improper if plaintiff's failure can be remedied); *see Trahan*, 981 S.W.2d at 723 (dismissal with prejudice improper for suit dismissed as frivolous under Chapter 14). We are not prepared to say Mullins has no other possible cause of action against Appellees arising out of the same facts. Therefore, the proper judgment is dismissal without prejudice.

We modify the judgment to dismiss the cause without prejudice and affirm the judgment as modified.