IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00160-CV

 

Carl Long,

                                                                      Appellant

 v.

 

Elmer Tanner,

                                                                      Appellee

 

 

 



From the 13th District Court

Navarro County, Texas

Trial Court No. 04-00-13524-CV

 



Opinion



 








          After this Court affirmed Carl Long’s
conviction for manufacturing methamphetamine,[1] Long
filed suit against the lead investigator in the case Elmer Tanner alleging
fraud, violation of equal protection and due process, perjury, and aggravated
perjury.  The trial court dismissed Long’s suit as frivolous.  Long presents
nine issues challenging the dismissal.  We will affirm.

          Long contends in his first issue that
the court erred by dismissing his suit.[2]  Because
Long’s first issue is dispositive, we do not reach the remainder of his issues.[3]

          Long’s suit is governed by Chapter 14
of the Civil Practice and Remedies Code.  Under section 14.003(a), a trial
court may dismiss an inmate’s suit if the court finds that claims asserted
therein are “frivolous or malicious.”  Tex.
Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (Vernon 2002).  A claim
is frivolous if it “has no arguable basis in law or in fact.”  Id.  § 14.003(b)(2) (Vernon 2002).

          A court need not hold a hearing to
make this determination.  See id. § 14.003(c) (Vernon 2002) (“the court may
hold a hearing”) (emphasis added); Mullins v. Estelle High Sec. Unit,
111 S.W.3d 268, 272 (Tex. App.—Texarkana 2003, no pet.); Thomas v. Knight,
52 S.W.3d 292, 293 n.2 (Tex. App.—Corpus Christi 2001, pet. denied).  However,
if the court determines without a hearing that a claim is frivolous, that
decision may be affirmed on appeal only if the claim has no arguable basis in
law.  Retzlaff v. Tex. Dept. of Crim. Just., 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); Smith v. Tex. Dept. of Crim. Just.,
33 S.W.3d 338, 340 (Tex. App.—Texarkana 2000, pet. denied).

          We review this issue de novo.  Retzlaff,
94 S.W.3d at 653; Gill v. Boyd Distrib. Ctr., 64 S.W.3d 601, 603 (Tex. App.—Texarkana 2001, pet. denied).  We take the allegations of the plaintiff’s petition
as true.  Mullins, 111 S.W.3d at 272; Jackson v. Tex. Dept. of Crim. Just., 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi 2000, pet.
denied).  We examine the claims asserted and the relief requested “to determine
whether, as a matter of law, the petition stated a cause of action that would
authorize relief.”  Spurlock v. Johnson, 94 S.W.3d 655, 658 (Tex. App.—San Antonio 2002, no pet.) (quoting Jackson, 28 S.W.3d at 813).

          Here, Long asserts claims for fraud,
violation of equal protection and due process, perjury, and aggravated perjury,
contending: (1) Tanner violated his right to equal protection by sending a
confidential informant to convince Long to help manufacture methamphetamine; (2)
Tanner chose to arrest only Long and not another person on the premises, whom
Long contends was the confidential informant; (3) Tanner relied on an invalid
search warrant to enter Long’s residence on the date of the arrest; (4) Tanner
made false statements in the affidavit he executed for issuance of the search
warrant; and (5) Tanner provided perjured testimony in Long’s trial.

          As relief, Long requests: (1) a new
criminal trial; (2) a civil jury trial on the allegations of this suit; (3)
$200,000 for lost wages and property; (4) punitive damages; (5) costs and
attorney’s fees; and (6) general relief.

          Long’s first claim is for fraud.  

                   The elements of a cause of
action for fraud are: “(1) that a material representation was made; (2) the
representation was false; (3) when the representation was made, the speaker
knew it was false or made it recklessly without any knowledge of the truth and
as a positive assertion; (4) the speaker made the representation with the
intent that the other party should act upon it; (5) the party acted in reliance
on the representation; and (6) the party thereby suffered injury.”

 

Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 211 n.45 (Tex. 2002) (quoting In
re FirstMerit Bank, N.A., 52 S.W.3d 749, 758 (Tex. 2001) (orig.
proceeding)).

          Long does not allege that Tanner made
any representations to him and does not allege that he relied on any
representations Tanner made.  Thus, his petition does not state an arguable
claim for fraud.

          We construe Long’s equal protection
claim as one of selective enforcement.  “To successfully bring a selective prosecution or enforcement claim,
a plaintiff must prove that the government official’s acts were motivated by
improper considerations, such as race, religion, or the desire to prevent the
exercise of a constitutional right.”  Beeler v. Rounsavall, 328 F.3d
813, 817 (5th Cir.), cert. denied, 540 U.S. 1048, 124 S. Ct. 820, 157 L.
Ed. 2d 697 (2003) (quoting Bryan v. City of Madison, 213 F.3d 267, 277
(5th Cir. 2000)).  “It must be shown that the selective enforcement ‘was
deliberately based upon an unjustifiable standard such as race, religion, or
other arbitrary classification.’”  Id. (quoting Allred’s Produce v.
USDA, 178 F.3d 743, 748 (5th Cir. 1999) (quoting Oyler v. Boles, 368
 U.S. 448, 456, 82 S. Ct. 501, 506, 7 L. Ed. 2d 446 (1962))).

          Long does not assign any constitutionally
impermissible bases for Tanner’s decision to arrest him and not attempt to
arrest the other person on the premises.  Long’s failure to do so is fatal to
his equal protection claim.  See Beeler, 328 F.3d at 817; Bryan,
213 F.3d at 277.

          We construe Long’s “due process” claim
to rest on his allegations that Tanner employed a confidential informant to
“get” Long to engage in the manufacture of methamphetamine and that Tanner
relied on an invalid search warrant.

          The Seventh Circuit has concluded that
a person may assert a private cause of action under section 1983 for a due
process violation due to the manner in which a criminal investigation was
conducted in very limited circumstances.  See Smith v. Lang, No. 96-1951,
1997 U.S. App. LEXIS 11016 at *5 (7th Cir. May 7, 1997) (not designated for
publication).  “[A] cause of action exists only where the state law violation
is so extreme that it rises to the level of a due process violation, such as
when the state law violation ‘create[s] a serious risk of convicting an
innocent person.’”  Id. (quoting Eaglin v. Welborn, 57 F.3d 496,
501 (7th Cir. 1995)).  “[V]iolations of state entrapment laws do not
necessarily create such a risk because the defense of entrapment is an ‘excuse
for, not a denial of, crime,’ and thus ‘does not bear on innocence.’”  Smith,
1997 U.S. App. LEXIS 11016 at *6 (quoting Eaglin, 57 F.3d at 501).

          Long’s conviction has been affirmed. 
He contends that his criminal conduct was justified; he does not deny his
involvement.  Thus, we hold as a matter of law that Long has not alleged an
arguable claim that his right to due process has been violated.

          Long also asserts causes of action for
perjury and aggravated perjury.  However, Texas does not recognize a civil
cause of action for perjury (or aggravated perjury).  See Trevino v. Ortega,
969 S.W.2d 950, 953 (Tex. 1998); see also Spurlock, 94 S.W.3d at 658 (“the
Texas Penal Code does not create private causes of action”); A.H. Belo Corp.
v. Corcoran, 52 S.W.3d 375, 379 (Tex. App.—Houston [1st Dist.] 2001, pet.
denied) (same).  Thus, we hold as a matter of law that Long has not alleged an
arguable claim for perjury or aggravated perjury. 




We overrule Long’s first issue and affirm the
judgment.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed July 13, 2005

[CV06]

 









[1]
          See Long v. State, 137
S.W.3d 726 (Tex. App.—Waco 2004, pet. ref’d).





[2]
          Long’s first issue states, “The
trial court’s dismissal order is wrong and false.  Trial court does not want
the truth proven.”

 





[3]
          Long’s remaining issues concern:
(1) the trial court’s finding that he raised or could have raised most of the
claims asserted in his petition during the course of his criminal trial; and
(2) various aspects of the manner in which the criminal investigation and his
trial were conducted.