# NO. 12-08-00399-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| ***SIMMONS THEODORE YLIYAH NA'BI, APPELLANT*** | § | ***APPEAL FROM THE THIRD*** |
| ***V.*** | § | ***JUDICIAL DISTRICT COURT OF*** |
| ***T.D.C.J.-I.D., BRAD LIVINGSTON, BILL PIERCE AND DOVID GOLDSTEIN, APPELLEES*** | § | ***ANDERSON COUNTY, TEXAS*** |

### *MEMORANDUM OPINION*

Appellant Simmons Theodore Yliyah Na'bi appeals from the trial court's dismissal of his claim as frivolous or malicious under Chapter 14 of the Texas Civil Practice and Remedies Code. In his sole issue, Na'bi contends the trial court abused its discretion in dismissing his claim without prejudice. We affirm.

### PROCEDURAL BACKGROUND

Na'bi, an inmate, filed suit against Appellees Texas Department of Criminal Justice – Institutional Division (TDCJ), Brad Livingston, Bill Pierce, and Dovid Goldstein "in their official and individual capacities." In his original petition, Na'bi alleged violations of his right to freely exercise his religion, as guaranteed to him by both the Texas and U.S. constitutions. Specifically, Na'bi alleged that he is of the Jewish faith "based on the Torah and not the man made Jewish law," and consequently, he is entitled to kosher meals and a "transfer to a Jewish host unit." Na'bi averred that Appellees deprived him of both entitlements, in violation of the Texas Religious Freedom Restoration Act.[1]

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 110.001–.012 (Vernon 2005).

The trial court, sua sponte and without a hearing, dismissed Na'bi's lawsuit without prejudice as frivolous or malicious under Texas Civil Practice and Remedies Code section 14.002(a)(2). Na'bi appealed from the trial court's dismissal order.

### THE TRIAL COURT'S DISMISSAL OF NA'BI'S LAWSUIT

In his sole issue, Na'bi maintains that the trial court abused its discretion in dismissing his suit as frivolous or malicious under Texas Civil Practice and Remedies Code section 14.002(a)(2).

### Standard of Review

We review the trial court's dismissal of an *in forma pauperis* suit under an abuse of discretion standard. ***Hickson v. Moya***, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. ***Lentworth v. Trahan***, 981 S.W.2d 720, 722 (Tex. App.—Houston [1st Dist.] 1998, no pet.). We will affirm a dismissal if it was proper under any legal theory. ***Johnson v. Lynaugh***, 796 S.W.2d 705, 706-07 (Tex. 1990); ***Birdo v. Ament***, 814 S.W.2d 808, 810 (Tex. App.—Waco 1991, writ denied). The trial courts are given broad discretion to determine whether a case should be dismissed because (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrue to the benefit of state officials, courts, and meritorious claimants. *See **Montana v. Patterson***, 894 S.W.2d 812, 814-15 (Tex. App.—Tyler 1994, no writ).

### Applicable Law

Chapter 14 of the Texas Civil Practice and Remedies Code controls suits brought by an inmate in which the inmate filed an affidavit or unsworn declaration of inability to pay costs.[2] TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (Vernon 2002); ***Hickson***, 926 S.W.2d at 398. Section 14.003 provides that a trial court may dismiss a claim before or after service of process if the court finds that the claim is frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (Vernon 2002).

---

[2] Chapter 14 does not apply to Family Code lawsuits. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(b) (Vernon 2002).

In determining whether a suit is frivolous or malicious, the trial court may consider, among other things, whether "the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts." *Id.* at § 14.003(b)(4) (Vernon 2002); *see also* **Obadele v. Johnson**, 60 S.W.3d 345, 350 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (citing **Johnson v. Lynaugh**, 796 S.W.2d 705, 706 (Tex. 1990)).

To enable a trial court to determine whether the suit is substantially similar to a previous one, an inmate is required to file a separate affidavit or unsworn declaration describing all other prior suits brought by the inmate, stating the "operative facts" upon which relief was sought. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (Vernon 2002).

**Discussion**

In the present suit, Na'bi alleges that he does not receive kosher food, which violates his Jewish faith. Na'bi provided an affidavit of his previous claims, including descriptions of the operative facts in each claim. Na'bi listed eight prior claims dating back to 1999. All eight claims were dismissed. Two of those claims concerned food and diet, and one of those claims is substantially similar to the claim Na'bi asserts in the current suit.

Na'bi states in his affidavit that he previously sued TDCJ for its alleged "refusal to provide me a Quranic diet [which] violated my religious beliefs . . . ." At that time, Na'bi was a Muslim. That suit was dismissed. Since then, Na'bi has changed his faith to Judaism, but otherwise makes the same claim in the instant suit. The operative facts in both suits are the same: an alleged violation of his religious freedom by TDCJ's alleged failure to provide a diet suitable for his religion.

This is the second lawsuit lodged by Na'bi complaining that the food served in TDCJ violates his religious freedom. Thus, the trial court reasonably could have determined that the claim is substantially similar to a previous claim filed by Na'bi and concluded that the claim is frivolous. Consequently, the trial court did not abuse its discretion in dismissing the suit. We overrule Na'bi's sole issue.

3

We *affirm* the trial court's judgment.

**JAMES T. WORTHEN**

Chief Justice

Opinion delivered September 30, 2009.

*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)