

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-11-00336-CV**

| | | |
|---|---|---|
| Theodis Dodson | § | From the 236th District Court |
| v. | § | of Tarrant County (236-252438-11) |
| | § | March 7, 2013 |
| Sean Colston, Tarrant County Dist. Atty, and The State of Texas | § | Opinion by Justice Meier |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By_____
Justice Bill Meier



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00336-CV

THEODIS DODSON                                    APPELLANT

V.

SEAN COLSTON, TARRANT                             APPELLEES
COUNTY DIST. ATTY, AND THE
STATE OF TEXAS

----------

### FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Theodis Dodson, an inmate of the Connally Unit of the Texas Department of Criminal Justice serving time for a murder conviction, appeals the trial court's dismissal of his civil lawsuit related to his conviction, which he filed pro se and *in forma pauperis*, claiming that during his criminal trial, Appellees

---

[1]*See* Tex. R. App. P. 47.4.

Assistant District Attorney Sean Colston, the Tarrant County District Attorney, and The State of Texas neglected a duty to "conduct themselves as to insure that [he] receive[d] a fair trial" and that they "conspired to deprive [him] of his constitutional right under the 14th Amendment of the United States Constitution." In three points, Dodson claims (1) that the trial court erroneously dismissed Colston and the Tarrant County District Attorney from the suit without first having held a fact hearing to determine whether his claims had a "basis in fact;" (2) that the trial court abused its discretion by ruling on Colston's amended motion to dismiss without "proper notice" to him; and (3) that the trial court erred by dismissing The State of Texas as a party to the suit. We will affirm.

## II. DISCUSSION

Inmate lawsuits such as Dodson's are controlled by Chapter 14 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001–14.014 (West 2002; West Supp. 2012). Chapter 14 was designed to control the flood of frivolous lawsuits being filed in the courts of this state by prison inmates, consuming valuable judicial resources with little offsetting benefit. *Mullins v. Estelle High Sec. Unit*, 111 S.W.3d 268, 271 n.1 (Tex. App.—Texarkana 2003, no pet.).

We review the trial court's dismissal of an *in forma pauperis* lawsuit such as Dodson's under an abuse of discretion standard. *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding

3

rules or principles.  *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.—Houston [1st Dist.] 1998, no pet.).  We will affirm a dismissal if it was proper under any legal theory.  *See Johnson v. Lynaugh*, 796 S.W.2d 705, 706–07 (Tex. 1990).  In considering the record before us, we review and evaluate pleadings of inmates proceeding pro se in civil lawsuits with liberality and patience.  *Foster v. Williams*, 74 S.W.3d 200, 202 n.1 (Tex. App.—Texarkana 2002, pet. denied).

## A.    Colston and the Tarrant County District Attorney

In his first point, Dodson complains that the trial court erred by dismissing Colston and the Tarrant County District Attorney from this suit without first having held a fact hearing.  In suits like this one, when there has been no fact hearing, a trial court may dismiss a claim as frivolous or malicious under Chapter 14 where the claim involved has no arguable basis in law.  *See Gill v. Boyd Distrib. Ctr.*, 64 S.W.3d 601, 603 (Tex. App.—Texarkana 2001, pet. denied).

Here, Colston and the Tarrant County District Attorney, acting in their official capacities as Dodson's petition alleges,[2] are shielded by the doctrine of

---

[2]In his brief, Dodson claims that his suit "asserts claims under 42 U.S.C. 1983."  Dodson's briefing also recites that a "section 1983 action will lie against state officials in their personal or individual capacit[y]," but Dodson does not offer any discussion as to how his petition pleaded a section 1983 claim against Colston, the only party in this appeal who could have possibly been sued in his individual capacity.  *Gordon v. Scott*, 6 S.W.3d 365, 369 (Tex. App.—Beaumont 1999, pet. denied).  Dodson's petition does cite to "42 U.S.C.A. § 1983" but only under a section titled, "Permission to Sue the State."  A specific review of Dodson's claims against Colston also reveals no section 1983 claim against Colston in his individual capacity.  Indeed, Dodson's conspiracy claim specifically states that "Colston [was] acting in his official capacity as an assistant district attorney of Tarrant County."  And Dodson's only other remaining claim against Colston would be an alleged negligent violation of Code of Criminal Procedure

4

prosecutorial immunity to Dodson's claims of negligence and conspiracy related to their prosecution of his murder conviction.[3] *Miller v. Curry*, 625 S.W.2d 84, 86–87 (Tex. App.—Fort Worth 1981, writ ref'd n.r.e.) (reasoning that absolute immunity from civil liability pertained to prosecutors acting in their official capacity even where the "prosecutor knowingly used perjured testimony, deliberately withheld exculpatory information or failed to make full disclosure of all facts"). Thus, Dodson's claims had no arguable basis in law, and the trial court did not err by not conducting a fact hearing, nor did it err by dismissing Colston and the Tarrant County District Attorney from Dodson's civil suit for damages. We overrule this portion of Dodson's first point.

## B. Notice of Colston's Motion to Dismiss

In his second point, Dodson complains that the trial court ruled on Colston's amended motion to dismiss without first providing him a proper period of notice. Dodson claims that he should have been given seven days to respond to the dismissal motion. But under a Chapter 14 inmate suit, the trial court may

---

section 2.03. *See* Tex. Code Crim. P. Ann. art. 2.03 (West 2005). This claim does not include any reference to section 1983. Furthermore, any alleged prosecutorial misconduct claim would have been properly brought only during the course of Dodson's murder trial, and then only if it had been properly preserved. *See Hajjar v. State*, 176 S.W.3d 554, 566 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (reasoning that prosecutorial misconduct is independent basis for objection that must be specifically urged to preserve error.).

[3]Dodson's claims in his petition are that during his criminal trial, the parties he listed in this suit neglected their duties to ensure a fair trial by ignoring his alleged mental illness and by conspiring to prevent Dodson from receiving a competency hearing. There were more parties listed in his petition, but they are not a part of this appeal.

5

dismiss at any time if it determines, like it did here, that the claims involved have no arguable basis in law. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.004(b)(2) (West 2002); § 14.010 (West Supp. 2012). Furthermore, in this case, Dodson filed a motion to reconsider, claiming he was not notified due to his incarceration. A month later, the trial court heard and denied Dodson's motion to reconsider. *See Finlan v. Peavy*, 205 S.W.3d 647, 655–56 (Tex. App.—Waco 2006, no pet.) (reasoning that post-judgment notice and reconsideration by the trial court is adequate to cure having been previously denied notice). We overrule Dodson's second point.

## C.    The State of Texas

In his third point, Dodson complains that the trial court abused its discretion by releasing The State of Texas from this suit. But without a specific statutory provision permitting a suit against the State of Texas, the State enjoys sovereign immunity. The doctrine of sovereign immunity protects the State of Texas from lawsuits for damages in all instances where the State has not waived such immunity. *Gen. Servs. Comm'n v. Little–Tex Insulation Co.*, 39 S.W.3d 591, 594 (Tex. 2001). The doctrine derives from the principle that the sovereign may not be sued in its courts without its consent. *Nueces County v. Ferguson*, 97 S.W.3d 205, 216 (Tex. App.—Corpus Christi 2002, no pet.). This immunity from suit deprives the trial court of subject-matter jurisdiction, even if liability is undisputed. *Travis Cnty. v. Pelzel & Assocs., Inc.*, 77 S.W.3d 246, 248 (Tex. 2002). Further, if a claim is barred by sovereign immunity, it has no arguable

6

basis in law.  *Mullins v. Estelle High Sec. Unit*, 111 S.W.3d 268, 271 n.1 (Tex. App.—Texarkana 2003, no pet.).  We conclude that the trial court properly determined that the State of Texas was immune from Dodson's suit, and we hold the trial court did not abuse its discretion by dismissing the State.  We overrule Dodson's third point.

## III. CONCLUSION

In addition to his three points in his brief, Dodson has also filed a separate motion asking us to sustain the points he brings on appeal because the appellees did not file a response to his brief on appeal.  We deny the motion. Having overruled all three of Dodson's points and having denied his motion requesting the same relief, we affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DELIVERED:  March 7, 2013