02-11-336-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00336-CV

 

 


 
 
 Theodis
 Dodson
  
 v.
  
 Sean
 Colston, Tarrant County Dist. Atty, and The State of Texas
 
 
 §
  
 §
  
 §
  
 §
 
 
 From the 236th District
 Court
  
 of
 Tarrant County (236-252438-11)
  
 March
 7, 2013
  
 Opinion
 by Justice Meier
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

By_________________________________

   
Justice Bill Meier

 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00336-CV

 

 


 
 
 Theodis Dodson
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Sean Colston, Tarrant County Dist. Atty, and The
 State of Texas
 
 
  
 
 
 APPELLEES
 
 


 

 

----------

FROM THE 236th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

Appellant
Theodis Dodson, an inmate of the Connally Unit of the Texas Department of
Criminal Justice serving time for a murder conviction, appeals the trial
court’s dismissal of his civil lawsuit related to his conviction, which he
filed pro se and in forma pauperis, claiming that during
his criminal trial, Appellees Assistant District Attorney Sean Colston, the Tarrant
County District Attorney, and The State of Texas neglected a duty to “conduct
themselves as to insure that [he] receive[d] a fair trial” and that they
“conspired to deprive [him] of his constitutional right under the 14th
Amendment of the United States Constitution.”  In three points, Dodson claims
(1) that the trial court erroneously dismissed Colston and the Tarrant
County District Attorney from the suit without first having held a fact hearing
to determine whether his claims had a “basis in fact;” (2) that the trial
court abused its discretion by ruling on Colston’s amended motion to dismiss
without “proper notice” to him; and (3) that the trial court erred by
dismissing The State of Texas as a party to the suit.  We will affirm.

II.  Discussion

Inmate
lawsuits such as Dodson’s are controlled by Chapter 14 of the Texas Civil
Practice and Remedies Code.  See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001–14.014
(West 2002; West Supp. 2012).  Chapter 14 was designed to control the flood of
frivolous lawsuits being filed in the courts of this state by prison inmates,
consuming valuable judicial resources with little offsetting benefit.  Mullins
v. Estelle High Sec. Unit, 111 S.W.3d 268, 271 n.1 (Tex. App.—Texarkana
2003, no pet.).

We
review the trial court’s dismissal of an in forma pauperis
lawsuit such as Dodson’s under an abuse of discretion standard.  Hickson v.
Moya, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ).  A trial court
abuses its discretion if it acts arbitrarily, capriciously, and without
reference to any guiding rules or principles.  Lentworth v. Trahan, 981
S.W.2d 720, 722 (Tex. App.—Houston [1st Dist.] 1998, no pet.).  We will affirm
a dismissal if it was proper under any legal theory.  See Johnson v. Lynaugh,
796 S.W.2d 705, 706–07 (Tex. 1990).  In considering the record before us, we
review and evaluate pleadings of inmates proceeding pro se in civil
lawsuits with liberality and patience.  Foster v. Williams, 74 S.W.3d
200, 202 n.1 (Tex. App.—Texarkana 2002, pet. denied).

          A.      Colston
and the Tarrant County District Attorney

In
his first point, Dodson complains that the trial court erred by dismissing
Colston and the Tarrant County District Attorney from this suit without first
having held a fact hearing.  In suits like this one, when there has been no
fact hearing, a trial court may dismiss a claim as frivolous or malicious under
Chapter 14 where the claim involved has no arguable basis in law.  See Gill
v. Boyd Distrib. Ctr., 64 S.W.3d 601, 603 (Tex. App.—Texarkana 2001, pet.
denied).

Here,
Colston and the Tarrant County District Attorney, acting in their official
capacities as Dodson’s petition alleges,[2] are shielded by the
doctrine of prosecutorial immunity to Dodson’s claims of negligence and
conspiracy related to their prosecution of his murder conviction.[3] 
Miller v. Curry, 625 S.W.2d 84, 86–87 (Tex. App.—Fort Worth 1981, writ
ref’d n.r.e.) (reasoning that absolute immunity from civil liability pertained
to prosecutors acting in their official capacity even where the “prosecutor
knowingly used perjured testimony, deliberately withheld exculpatory
information or failed to make full disclosure of all facts”).  Thus, Dodson’s
claims had no arguable basis in law, and the trial court did not err by not
conducting a fact hearing, nor did it err by dismissing Colston and the Tarrant
County District Attorney from Dodson’s civil suit for damages.  We overrule
this portion of Dodson’s first point.

B.      Notice
of Colston’s Motion to Dismiss

In
his second point, Dodson complains that the trial court ruled on Colston’s amended
motion to dismiss without first providing him a proper period of notice. 
Dodson claims that he should have been given seven days to respond to the
dismissal motion.  But under a Chapter 14 inmate suit, the trial court may
dismiss at any time if it determines, like it did here, that the claims
involved have no arguable basis in law.  See Tex. Civ. Prac. & Rem.
Code Ann. § 14.004(b)(2) (West 2002); § 14.010 (West Supp. 2012).  Furthermore,
in this case, Dodson filed a motion to reconsider, claiming he was not notified
due to his incarceration.  A month later, the trial court heard and denied
Dodson’s motion to reconsider.  See Finlan v. Peavy, 205 S.W.3d 647, 655–56
(Tex. App.—Waco 2006, no pet.) (reasoning that post-judgment notice and reconsideration
by the trial court is adequate to cure having been previously denied notice). 
We overrule Dodson’s second point.

C.      The
State of Texas

In
his third point, Dodson complains that the trial court abused its discretion by
releasing The State of Texas from this suit.  But without a specific statutory
provision permitting a suit against the State of Texas, the State enjoys
sovereign immunity.  The doctrine of sovereign immunity protects the State of
Texas from lawsuits for damages in all instances where the State has not waived
such immunity.  Gen. Servs. Comm’n v. Little–Tex Insulation Co., 39
S.W.3d 591, 594 (Tex. 2001).  The doctrine derives from the principle that the
sovereign may not be sued in its courts without its consent.  Nueces County
v. Ferguson, 97 S.W.3d 205, 216 (Tex. App.—Corpus Christi 2002, no pet.).  This
immunity from suit deprives the trial court of subject-matter jurisdiction,
even if liability is undisputed.  Travis Cnty. v. Pelzel & Assocs., Inc.,
77 S.W.3d 246, 248 (Tex. 2002).  Further, if a claim is barred by sovereign
immunity, it has no arguable basis in law.  Mullins v. Estelle High Sec.
Unit, 111 S.W.3d 268, 271 n.1 (Tex. App.—Texarkana 2003, no pet.).  We conclude
that the trial court properly determined that the State of Texas was immune
from Dodson’s suit, and we hold the trial court did not abuse its discretion by
dismissing the State.  We overrule Dodson’s third point.

III.  Conclusion

In
addition to his three points in his brief, Dodson has also filed a separate
motion asking us to sustain the points he brings on appeal because the
appellees did not file a response to his brief on appeal.  We deny the motion. 
Having overruled all three of Dodson’s points and having denied his motion
requesting the same relief, we affirm the trial court’s judgment.

 

 

BILL MEIER
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; MEIER and GABRIEL, JJ.

 

DELIVERED:  March 7, 2013









[1]See Tex. R. App. P. 47.4.





[2]In his brief, Dodson
claims that his suit “asserts claims under 42 U.S.C. 1983.”  Dodson’s briefing
also recites that a “section 1983 action will lie against state officials in
their personal or individual capacit[y],” but Dodson does not offer any
discussion as to how his petition pleaded a section 1983 claim against
Colston, the only party in this appeal who could have possibly been sued in his
individual capacity.  Gordon v. Scott, 6 S.W.3d 365, 369 (Tex. App.—Beaumont
1999, pet. denied).  Dodson’s petition does cite to “42 U.S.C.A. § 1983”
but only under a section titled, “Permission to Sue the State.”  A specific
review of Dodson’s claims against Colston also reveals no section 1983
claim against Colston in his individual capacity.  Indeed, Dodson’s conspiracy
claim specifically states that “Colston [was] acting in his official capacity
as an assistant district attorney of Tarrant County.”  And Dodson’s only other
remaining claim against Colston would be an alleged negligent violation of Code
of Criminal Procedure section 2.03.  See Tex. Code Crim. P. Ann. art.
2.03 (West 2005).  This claim does not include any reference to
section 1983.  Furthermore, any alleged prosecutorial misconduct claim
would have been properly brought only during the course of Dodson’s murder
trial, and then only if it had been properly preserved.  See Hajjar v. State,
176 S.W.3d 554, 566 (Tex. App.—Houston [1st Dist.] 2004, pet. ref’d) (reasoning
that prosecutorial misconduct is independent basis for objection that must be
specifically urged to preserve error.).





[3]Dodson’s claims in his
petition are that during his criminal trial, the parties he listed in this suit
neglected their duties to ensure a fair trial by ignoring his alleged mental
illness and by conspiring to prevent Dodson from receiving a competency
hearing.  There were more parties listed in his petition, but they are not a
part of this appeal.