# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-12-00517-CV
_____

### CHRISTOPHER KARONE TURNER, Appellant

### V.

### TDCJ-ID ALLEN B. POLUNSKY UNIT, Appellee

**On Appeal from the 411th District Court**
**Polk County, Texas**
**Trial Cause No. CIV 27156**

### MEMORANDUM OPINION

Appellant Christopher Karone Turner appeals from the trial court's dismissal of his lawsuit with prejudice for lack of subject matter jurisdiction. We affirm the trial court's order of dismissal.

### BACKGROUND

Turner, an inmate, sued appellee TDCJ-ID Allen B. Polunsky Unit ("TDCJ") for alleged negligence arising from a disciplinary case brought against him after a prison fight in which he says he did not participate. According to

1

Turner's petition, the fight was recorded on security cameras under the supervision and operation of unit administrators and security supervisors. Turner pleaded that after reviewing the camera footage, administrators negligently identified him as a participant in the fight, locked him in a solitary cell, falsely charged him with a disciplinary case, and wrongfully found him guilty of fighting despite video footage "clearly showing that [Turner] was just standing by watching the fight and never participated . . . ." Turner alleged he was punished with restrictions and his custody class was demoted. According to Turner's petition, the disciplinary case was ultimately overturned after he endured a demoted custody class and restrictions.

Turner asserted that TDCJ negligently implemented its policies and negligently charged him with a disciplinary violation. According to Turner's petition, TDCJ and its employees, by their alleged use of tangible property, negligently caused Turner personal injuries, including extreme anxiety, mental anguish, distress, severe acute headaches, traumatic depression, and high blood pressure. In addition, Turner pleaded that sovereign immunity was waived by the use of tangible property by TDCJ employees. Turner sought $180,000 for personal injuries and $60,000 for "past/future injury damages[.]"

2

TDCJ filed a plea to the jurisdiction, in which it alleged that sovereign immunity barred Turner's lawsuit because the waiver of sovereign immunity in the Texas Tort Claims Act ("TTCA") did not apply to Turner's alleged claims. TDCJ requested that the trial court grant its plea to the jurisdiction and sign an order dismissing with prejudice Turner's claims as frivolous. The trial judge signed the requested order. In his sole issue on appeal, Turner argues that the trial court abused its discretion by granting TDCJ's plea to the jurisdiction and dismissing his claim with prejudice because his claim falls within the waiver of sovereign immunity in section 101.021(2) of the TTCA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (West 2011).

We review the trial court's dismissal under an abuse of discretion standard. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ). We will affirm the trial court's dismissal if it was proper under any legal theory. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706-07 (Tex. 1990). *In forma pauperis* suits by inmates, such as Turner's lawsuit, are governed by Chapter 14 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-14.014 (West 2002 & Supp. 2012). Section 14.003(a)(2) provides that a trial court may dismiss a claim if the trial court finds that the claim is frivolous or malicious. *Id*. § 14.003(a)(2). In determining whether a claim is frivolous or malicious, a trial

3

court may consider whether (1) the claim's realistic chance of ultimate success is slight, (2) the claim has no arguable basis in law or fact, (3) it is clear that the party cannot prove facts in support of the claim, or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. *Id.* § 14.003(b).

The State of Texas may not be sued for damages in its own courts without its consent. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 (Tex. 2003). The State's sovereign immunity from suit defeats a trial court's subject matter jurisdiction. *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009); *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Sovereign immunity also protects governmental units of the State, such as TDCJ. Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(A) (West Supp. 2012); *Taylor*, 106 S.W.3d at 694 n.3. Section 101.021 of the TTCA contains a limited waiver by the State of its immunity from suit in cases involving "personal injury and death . . . caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (West 2011).

Turner's petition indicated that his claim was for negligent implementation of policy by using tangible property, and Turner's petition also seemed to assert a

claim for negligent infliction of emotional distress. Turner claimed that TDCJ's employees negligently used administration records, the disciplinary case report, the incident report, audiotape recorders, security cameras, and a solitary cell during the disciplinary proceeding against him. The essence of Turner's complaint appears to be that TDCJ employees negligently used the video footage from the cameras, leading them to incorrectly identify him as one of the inmates in the fight and causing Turner to suffer discipline.

Under section 101.021(2) of the TTCA, the plaintiff must allege a personal injury caused by a "condition or use" of "tangible personal or real property." *Id*. "[I]nformation is not tangible personal property, since it is an abstract concept that lacks corporeal, physical, or palpable qualities." *Tex. Dep't of Public Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001) (citing *Univ. of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 179 (Tex. 1994)). "[S]imply reducing information to writing on paper does not make the information 'tangible personal property.'" *Id*. (footnote omitted). In *Petta*, the Texas Supreme Court held that information contained in policy and training manuals was not tangible personal property and, therefore, did not give rise to a claim under the TTCA. *Id.* at 581. According to the Court, Petta's claim that the Texas Department of Public Safety failed to devise adequate tests to assess the competence of its trooper was barred

5

by sovereign immunity because the claim involved misuse or non-use of information. *Id.*

In this case, Turner alleges that TDCJ employees negligently viewed and utilized the information contained on the video camera recordings of the fight, and created administrative records, disciplinary reports, and incident reports based upon their mistaken identification of Turner on the video camera recordings. We conclude that, as in *Petta*, Turner's claims involve the misuse or non-use of information, and are therefore barred by sovereign immunity. *See id.* at 580-81. To the extent that Turner alleges a claim for negligent infliction of emotional distress, such a cause of action no longer exists in Texas. *Boyles v. Kerr*, 855 S.W.2d 593, 599-600 (Tex. 1993). With respect to Turner's contention concerning his placement in a solitary cell, we note that Turner has not alleged that his injury was caused by the cell itself, but rather by his wrongful placement there based upon erroneously-interpreted information from security cameras. Therefore, we conclude that sovereign immunity is not waived with respect to Turner's claim regarding being placed in the solitary cell. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (Injury must be caused by the *use* of tangible real or personal property.).

For all of the reasons discussed above, we conclude that the trial court did not abuse its discretion by finding Turner's claim frivolous and dismissing his case with prejudice because the claim lacks an arguable basis in law. *See id*; *Petta*, 44 S.W.3d at 580-81; *Boyles*, 855 S.W.2d at 599-600; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b); *Mullins v. Estelle High Sec. Unit*, 111 S.W.3d 268, 274 (Tex. App.—Texarkana 2003, no pet.) (Generally, the proper remedy when a court lacks subject matter jurisdiction is dismissal without prejudice.); *but see also Hickman v. Adams*, 35 S.W.3d 120, 124 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (When a dispositive defect in an inmate's suit cannot be remedied, dismissal with prejudice is proper.). Accordingly, we overrule Turner's sole issue and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on June 6, 2013
Opinion Delivered June 27, 2013
Before McKeithen, C.J., Gaultney and Kreger, JJ.

7